**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JOHN H. THORNTON,**

                **Petitioner,**         **1:06-CV-1252**
                                                **(GLS)**

      **v.**

**UNITED STATES OF AMERICA,**

                **Respondent.**
_____

**APPEARANCES:**                     **OF COUNSEL:**

**FOR THE PETITIONER:**
JOHN H. THORNTON
*Pro Se*[1]
13147-052
Federal Medical Center Devens
P.O. Box 879 - Unit HA
Ayer, MA 01432

**FOR THE RESPONDENT:**
HON. ANDREW T. BAXTER       THOMAS A. CAPEZZA
United States Attorney           THOMAS SPINA, JR.
445 Broadway                     Assistant U.S. Attorneys
218 James T. Foley Courthouse
Albany, NY 12207

**Gary L. Sharpe
U.S. District Judge**

---

[1] The court notes that Thornton has not indicated whether his habeas counsel has actually withdrawn from the case. However, in the interest of judicial economy, the court has assumed that counsel has withdrawn, such that Thornton is now entitled to file motions on his own behalf.

**MEMORANDUM-DECISION AND ORDER**

**I. Introduction**

Pending before the court is petitioner John H. Thornton's motion under FED. R. CIV. P. 60(d), seeking to vacate this court's October 26, 2007 and August 14, 2008 orders insofar as they denied him habeas relief under 28 U.S.C. § 2255. Thornton also seeks to have the court recuse itself; to subpoena certain documentary evidence; to be released on bail; and to expedite the disposition of these requests. For the reasons that follow all of Thornton's requests are denied.

**II. Background**

On April 19, 2005, Thornton pled guilty before this court to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). (*See* 1:05-CR-115; Dkt. No. 4.) On September 12, 2005, he was sentenced to five years imprisonment, three years supervised release, a $15,000 fine and a $100 special assessment. (*See* 1:05-CR-115; Dkt. Nos. 27, 29.) Thereafter, on October 13, 2006, he filed a habeas petition under 28 U.S.C. § 2255. (*See* 1:06-CV-1252; Dkt. Nos. 1- 2.) His habeas petition sought to vacate the judgment and sentence based upon his assertion that: (1) his trial lawyer, Mr. Coffey, threatened that the

2

government would arrest and prosecute Thornton's wife unless Thornton pled guilty; and (2) the court failed to adequately inquire as to the voluntariness of Thornton's guilty plea which, he alleges, was induced by that threat. *See id.* The government responded to Thornton's motion pursuant to the court's order and, as relevant here, submitted an affidavit from Mr. Coffey, which states in part:

> In discussing the matter with Mr. Thornton, we discussed his computer at home as well as the fact that anyone who had access to the computer could potentially be a target of the investigation but at no time did I advise him that his wife had any compelling reason to fear Federal prosecution, with one exception. I told him that if Mrs. Thornton were to claim (and I discussed this in detail with John) that she had sole access to the computer and John had no involvement or his involvement were minimal, then under those circumstances, the Government obviously might take a greater interest in her. Barring that unlikely eventuality, I advised John that his wife had no exposure.... Mrs. Thornton's possible involvement was never discussed within months prior to the plea, and John also never indicated to me that he was pleading guilty to spare his wife. In my mind Kathy Thornton's potential status as a Defendant in a Federal or even State prosecution was not an inducement for John to plead guilty and at no time did I ever advise him to plead guilty to spare his wife a potential Federal prosecution.

(*See* 1:06-CV-1252; Dkt. No. 11:4.) Subsequently, on October 26, 2007, the court found that "there were no threats that induced Thornton's plea" and that the court's plea colloquy with Thornton was adequate. (*See* 1:06-

3

CV-1252; Dkt. No. 22.)  Habeas relief was correspondingly denied.  On August 14, 2008, the court denied Thornton a certificate of appealability for the reasons stated in the October 2007 order.  (*See* 1:06-CV-1252; Dkt. No. 27.)

Presently before the court is Thornton's motion under FED. R. CIV. P. 60(d), seeking to vacate the court's denial of his habeas petition on grounds that Mr. Coffey perpetrated a fraud upon the court through his affidavit.  (*See* 1:06-CV-1252; Dkt. Nos. 30-32.)  Thornton also seeks to have the court recuse itself pursuant to 28 U.S.C. § 455(a); to subpoena certain document evidence; to be released on bail pending the outcome of this motion; and to expedite the disposition of these requests.  *See id.*

### III.  Discussion

**A.   Recusal**

Recusal is mandated under § 455(a) when a judge's "impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  "[T]his test deals exclusively with appearances. Its purpose is the protection of the public's confidence in the impartiality of the judiciary." *United States v. Amico*, 486 F.3d 764, 775 (2d Cir.2007).  The test for recusal under § 455(a) is whether "a reasonable person, knowing all the facts, [would] conclude that the trial

4

judge's impartiality could reasonably be questioned." *United States v. Lovaglia,* 954 F.2d 811, 815 (2d Cir. 1992) (citation omitted). A recusal decision rests within the sound discretion of the judge whose recusal is sought. *See id.* (citation omitted).

In the present instance, there is absolutely no reason to question this court's impartiality, and Thornton's contentions to the contrary are groundless. He asserts that the court's disinterestedness could reasonably be questioned because he was denied a certificate of appealability immediately after having filed a judicial complaint against the court in August of 2008. However, his arguments for habeas relief were initially rejected in October 2007- before any complaint had been filed. As such, the court's rejection of virtually identical arguments in August 2008 on his motion for a certificate of appealability evidences nothing other than the court's adherence to its prior rulings.

Thornton's contention that recusal is required because the court unjustly discredited the affidavit of his wife in his habeas proceeding is similarly without merit. It is well settled that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a

5

bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).  Here, the court's decision to discredit the affidavit of Mrs. Thornton was based upon a plethora of intrajudicial direct and circumstantial evidence indicating that Thornton and his wife were not credible, and that no threat of prosecution was made or communicated with regard to Thornton's wife.  (*See* 1:06-CV-1252; Dkt. No. 22.)  Further, there is no evidence of – and the court affirmatively disclaims the existence of – any deep-seated favoritism or antagonism.  As such, the court declines to recuse itself.

**B.   Rule 60(d) Motion**

Next, Thornton requests that the court "vacate the judgment of the § 2255 habeas corpus" pursuant to Fed. R. Civ. P. 60(d), due to the alleged fraud committed on the court through Mr. Coffey's affidavit.

As a preliminary matter, the court notes that Rule 60 may be used only to attack "the integrity of [a] previous habeas proceeding;" it may not be used as a vehicle to attack "the underlying criminal conviction" from which the previous habeas proceeding arose.  *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004); *see also Gitten v. United States*, 311 F.3d 529,

532 n.4 (2d Cir. 2002). In recognition of this principle, Thornton makes it extremely clear that he does not seek to attack his underlying conviction or sentence through his Rule 60(d) motion. Rather, he argues only that the court's prior orders on his habeas petition must be vacated because a fraud was committed against the court. As this argument only implicates the integrity of Thornton's prior habeas proceeding, his Rule 60 motion is not subject to dismissal as an impermissible second or successive habeas petition. *See Rodriguez v. Mitchell*, 252 F.3d 191, 198-200 (2d Cir. 2001).

Nevertheless, his motion must be denied, as it fails to satisfy the stringent standard of Rule 60(d). FED. R. CIV. P. 60(d) allows a court to entertain an independent action to "set aside a judgment for fraud on the court" regardless of the amount of time which has passed since the entry of that judgment.[2] However, such relief is available only under narrow circumstances where the fraud "seriously affects the integrity of the normal

---

[2]This is to be distinguished from FED. R. CIV. P. 60(b)(3) which permits an order or judgment to be vacated *within a year of its entry* due to the fraud of an "opposing party" which is not committed against the court. If Rule 60(b)(3) would have been available but for the petitioner's inexcusable failure to file the motion within a year of the challenged order's entry, he may not bypass this time limitation by bringing a motion under Rule 60(d). *See James v. United States*, 603 F. Supp. 2d 472, 486 (E.D.N.Y. 2009) (quoting *Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 662 (2d Cir. 1997)). Here, however, Thornton objects to an alleged fraud upon the court by Mr. Coffey, who was a witness in the habeas proceeding, not an opposing party. *See Rodriguez*, 252 F.3d at 201 (finding that 60(b)(3) is not available to a petitioner where his trial lawyer is alleged to have committed fraud as a witness in the petitioner's habeas proceeding, as a witness is not an opposing party). As such, Rule 60(b)(3) has no application to Thornton's motion, and Rule 60(d) is available.

process of adjudication." *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002) (internal citation and quotation marks omitted). "Fraud upon the court [embraces] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *Id.* (internal citation and quotation marks omitted). "Fraud upon the court must be established by clear and convincing evidence." *Id.* (internal citation omitted).

Thornton has not satisfied this burden. He alleges that Coffey defrauded the court during the habeas proceedings by submitting an affidavit which was false insofar as it denied that threats of prosecution had been made or communicated against Thornton's wife. Thornton supports his allegations of fraud with copies of emails written to Mrs. Thornton by Thornton's habeas attorney, Mr. Kent. In these emails, Mr. Kent indicates that Mr. Coffey had admitted communicating threats of prosecution against Mrs. Thornton. However, these statements cannot be considered by the court, as they are clearly inadmissible hearsay. Additionally, Mr. Kent has apparently balked at Thornton's request for an affidavit swearing to the veracity of the statements made in the emails. As such, the statements

8

made in the emails, aside from being inadmissible, are not credible.

Thornton's remaining evidence of fraud is similarly dubious or inadmissible. For example, he cites to affidavits executed by himself and Mrs. Thornton, swearing that threats of prosecution were communicated against Mrs. Thornton. However, the court has already found that these averments are not credible. (*See* 1:06-CV-1252; Dkt. No. 22.) Mr. Thornton also cites to an email regarding an unrelated case in which a defense attorney tells his client that the government had threatened to prosecute his wife to put pressure on him. Again, this email is inadmissible hearsay. Further, the court has absolutely no knowledge of the facts underlying this email, rendering its probative value in the present instance virtually nil. Next, Thornton cites to the affidavit of a Dan Verosa, who was apparently represented by Mr. Coffey at some point in the past. Insofar as this affidavit relates a conversation with Mr. Coffey, wherein Mr. Coffey attempted to convince Verosa to plea guilty, it is, once more, inadmissible hearsay. To the extent the remainder of Verosa's affidavit is devoted to his displeasure with Mr. Coffey's services, it has absolutely no bearing as to the fraud alleged here. Finally, Thornton points out that in *United States v. Johnson*, 221 F.3d 83, 89-90 (2d Cir. 2000), (1) a witness contended that

AUSA Spina had threatened to have her brought to Albany by federal marshals unless she provided a piece of evidence, and (2) the Circuit noted its "disapproval" of the government's selective editing of internet chatroom conversations submitted to the court.  Clearly, neither of these aspects of *Johnson* have even the slightest relevance as to the question of whether Mr. Coffey submitted a false affidavit in Thornton's habeas proceeding.[3]

Accordingly, as Thornton has failed to prove that a fraud was committed upon the court during his habeas proceeding by clear and convincing evidence, his Rule 60(d) motion is denied.  Thornton's remaining requests are correspondingly denied as moot.

## IV.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Thornton's motion is DENIED in its entirety with prejudice; and it is further

**ORDERED** that because Thornton has not made a substantial

---

[3]Additionally, the court attaches no weight to Thornton's contention that a Mr. Sharpley has an appeal pending before the Second Circuit in which it is alleged that the U.S. Attorney's Office submitted evidence during a trial which was edited in a misleading way.  Allegations in a pending case do not constitute evidence.  *See Global Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 156, 157 (2d Cir. 2006) (internal citation omitted).

showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability will not be issued; and it is further

**ORDERED** that the Clerk provide copies of this Decision and Order to the parties.

**IT IS SO ORDERED**

Dated: September 3, 2009
Albany, New York

*[signature]*
United States District Court Judge